**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP GRAHAM DUGGER,<br><br>              Petitioner,<br><br>         v.<br><br>KATHLEEN ALLISON, CDCR Secretary,[1]<br><br>              Respondent. | Case No. SACV 20-1744-GW (JPR)<br><br>ORDER SUMMARILY DISMISSING FEDERAL HABEAS PETITION |

On September 10, 2020, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody.[2] The Petition's

---

[1] Petitioner names as Respondent Ralph Diaz (see Pet. at 1), who was the California Department of Corrections and Rehabilitation's Secretary when the Petition was filed. Diaz had custody of Petitioner at his institution of confinement and therefore was properly sued. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894-96 (9th Cir. 1996) (as amended). Because the CDCR's Secretary is now Kathleen Allison, she is substituted in as the proper Respondent. See Fed. R. Civ. P. 25(d); see also R. 2(a), Rs. Governing § 2254 Cases in U.S. Dist. Cts.

[2] That same day, Petitioner moved to disqualify the two assigned judges. On October 6, 2020, the Honorable Fernando M. Olguin denied Petitioner's disqualification motion. Thus, Petitioner's September 29, 2020 request for an update on the status of that motion is moot.

three claims stem from the state courts' denials of his requests for counsel during his parole proceedings. (See Pet. at 6-8.)[3] He asks that counsel be appointed to represent him during his parole proceedings and that an evidentiary hearing be ordered on his claims. (Id. at 19.)

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court may dismiss a habeas corpus petition before the respondent files an answer "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." See also Clayton v. Biter, 868 F.3d 840, 845 (9th Cir. 2017) ("District courts adjudicating habeas petitions under § 2254 are instructed to summarily dismiss claims that are clearly not cognizable."). And under Local Rule 72-3.2, a Magistrate Judge may "prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge" when "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."

The Petition fails to state a cognizable claim. Its three claims all stem from the state courts' denials of Petitioner's requests for counsel during his parole proceedings. (See Pet. at 6-8.) But the Supreme Court has never held that state prisoners have a federal constitutional right to counsel at such hearings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right,

---

[3] For nonconsecutively paginated documents, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

and no further."); Dorado v. Kerr, 454 F.2d 892, 897 (9th Cir. 1972) ("[D]ue process does not entitle California state prisoners to counsel at [hearings] called to determine, administratively, the length of imprisonment, and to grant or deny parole."). Because there is no federal constitutional right to counsel at parole hearings, there can be no claim that the state courts' denials of his requests for counsel violated his federal constitutional rights. See Coleman v. Thompson, 501 U.S. 722, 752-54 (1991) (holding that petitioner cannot claim constitutionally ineffective assistance of counsel when no underlying constitutional right to counsel exists); see also Miller v. Keeney, 882 F.2d 1428, 1432 (9th Cir. 1989) ("If a state is not constitutionally required to provide a lawyer, the constitution cannot place any constraints on that lawyer's performance.").[4]

    Because it is clear that Petitioner is not entitled to federal habeas relief, this action must be summarily dismissed. See, e.g., Brooks v. Borders, No. CV 17-02535-RGK (DFM), 2018 WL 5098858, at *5 (C.D. Cal. Feb. 13, 2018) (recommending summary dismissal of claim that petitioner was denied constitutionally effective assistance of counsel at parole hearing), accepted by 2018 WL 5095159 (C.D. Cal. Oct. 17, 2018), certificate of

---

[4] Petitioner also complains about the state courts' application of its procedural rules in denying his claim for counsel (see Pet. at 7-8 (claiming in ground two that state courts improperly construed his "writ of mandate" as habeas petition and in ground three that superior court incorrectly stated "his county of commitment")), but "[f]ederal habeas courts lack jurisdiction . . . to review state court applications of state procedural rules." Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) (as amended).

appealability denied, No. 18-56534, 2019 WL 6117517 (9th Cir. Aug. 22, 2019).

DATED: February 3, 2021

_____
GEORGE H. WU
U.S. DISTRICT JUDGE

Presented by:

_____
Jean Rosenbluth
U.S. Magistrate Judge